UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CARLA LAMBERT**<br>2503 Pinehurst Estates<br>Lakehurst, NJ 08733<br><br>**on behalf of herself and all others similarly-situated**,<br><br>    Plaintiff,<br><br>    vs.<br><br>**JARIWALA & CO., LLC, d/b/a**<br>**J & CO. HOTELS GROUP**<br>1600 Matso Drive<br>Toms River, NJ 08753          -and-<br><br>**G MATSS, LLC**<br>1600 Matso Drive<br>Toms River, NJ 08753          -and-<br><br>**RHR 1211 LLC**<br>1211 Boulevard<br>Seaside Heights, NJ 08751     -and-<br><br>**SHREE AG HOSPITALITY, LLC,**<br>**d/b/a BOARDWALK SEAPORT INN**<br>1119 Ocean Terrace<br>Seaside Heights, NJ 08751     -and-<br><br>**C Z GABHERAJ LLC**<br>1406 Vicenzo Dr.<br>Toms River, NJ 08753          -and-<br><br>**CGABHERAJ LLC** | No. 3:18-cv-17295-BRM-DEA<br><br>Judge Brian R. Martinotti<br>Magistrate Judge Douglas E. Arpert<br><br><br><br><br><br><br><br>**STIPULATED[1] FIRST AMENDED**<br>**COLLECTIVE ACTION**<br>**COMPLAINT**<br><br>**JURY DEMAND ENDORSED**<br>**HEREON** |

---

[1] *See* ECF No. 56.

| | |
|---|---|
| 133 Carteret Ave. | ) |
| Seaside Heights, NJ 08751            -and- | ) |
| | ) |
| **RAJ JARIWALA** | ) |
| 27 Nelson Ave. | ) |
| Jersey City, NJ 07307                  -and- | ) |
| | ) |
| **GAURANG JARIWALA, a/k/a** | ) |
| **GREG JARIWALA** | ) |
| 1600 Matso Drive | ) |
| Toms River, NJ 08753                 -and- | ) |
| | ) |
| **ABHISHEK JARIWALA, a/k/a REX** | ) |
| **JARIWALA** | ) |
| 1600 Matso Drive | ) |
| Toms River, NJ 08753                 -and- | ) |
| | ) |
| **RAM PAL** | ) |
| 150 Carlton Ave. Apt 2F | ) |
| Jersey City, NJ 07306                  -and- | ) |
| | ) |
| **AHMED AL HADDAD** | ) |
| 413 E 51st St. | ) |
| New York, NY 10022 | ) |
| | ) |
|            **Defendants.** | ) |

Plaintiff, Carla Lambert ("Plaintiff"), by and through counsel, for her Stipulated First Amended Complaint against JARIWALA & CO., LLC, d/b/a J & CO. HOTELS GROUP ("Defendant J & Co."), G MATSS, LLC ("Defendant G Matss"), RHR 1211, LLC[2] ("Defendant RHR"), SHREE AG HOSPITALITY, LLC,

---

[2] RHR 121 LLC was originally named, but as represented by Defendants' counsel, this should be RHR 1211 LLC.

2

d/b/a BOARDWALK SEAPORT INN[3] ("Defendant Boardwalk"), C Z GABHERAJ LLC ("Defendant CZG"), CGABHERAJ LLC ("Defendant Cgabheraj"), RAJ JARIWALA[4] ("Defendant Raj"), GAURANG JARIWALA a/k/a GREG JARIWALA ("Defendant Greg"), ABHISHEK JARIWALA a/k/a REX JARIWALA[5] ("Defendant Rex"), RAM PAL ("Defendant Ram"), and AHMED AL HADDAD ("Defendant Haddad") (collectively "Defendants"), and based on personal knowledge of her own conduct and upon information and belief as to the conduct and acts of others, states and alleges as follows:

## INTRODUCTION

1) This case challenges joint and individual policies and practices of Defendants that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219; and concerns the non-payment of overtime to non-exempt employees.

2) Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of herself or themselves and other employees similarly-situated." Plaintiff brings this case on behalf of herself and other "similarly-situated"

---

[3] As represented by Defendants' Counsel.
[4] Defendants' Counsel represents that a/k/a Rajan Jariwala is not also known as Rajan Jariwala.
[5] As represented by Defendants' Counsel.

3

employees who may join this case pursuant to Section 216(b) of the FLSA (the "Opt-Ins").

## JURISDICTION AND VENUE

3) This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4) This Court has personal jurisdiction over Defendants because Defendants conduct substantial business in this district and has sufficient contacts with this district.

5) Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants do substantial business in this District, have their principal business locations in this District, and most of the acts and/or omissions giving rise to this action arise in this District.

## PARTIES

6) Plaintiff Carla Lambert is an adult individual residing at 2503 Pinehurst Estates, Lakehurst, NJ 08733.

7) At all relevant times, Plaintiff and those similarly-situated were employees within the meaning of the FLSA.

8) Defendant J & Co. is a for-profit New Jersey corporation,[6] which can be served through its statutory agent Gaurang Jariwala, at 1600 Matso Drive Toms River, NJ 8753.

9) Defendant G Matss is a for-profit New Jersey corporation, which can be served through its statutory agent, and co-defendant, Gaurang Jariwala, at 1600 Matso Drive, Toms River, NJ 08753.

10) Defendant RHR is a for-profit New Jersey corporation, which can be served through its statutory agent Gaurang Jariwala, at 1600 Matso Drive, Toms River, NJ 0875.

11) Defendant Boardwalk is a for-profit New Jersey corporation, which can be served through Gaurang Jariwala, at 1600 Matso Drive, Toms River, NJ 0875.

12) Defendant CZG is a for-profit New Jersey corporation, which can be served through Gaurang Jariwala, at 1600 Matso Drive, Toms River, NJ 0875.

13) Defendant Cgabheraj is a for-profit New Jersey corporation, which can be served through Gaurang Jariwala, at 1600 Matso Drive, Toms River, NJ 0875.[7]

---

[6] Defendants contend that Jariwala & Co., LLC d/b/a J & Co. Hotels Group never became operational.

[7] Defendants J & Co., G Matss, RHR, Boardwalk, CZG, and Cgabheraj will collectively be referred to as "Corporate Defendants."

14) Defendant Raj is an individual residing in this District, is the Founder of co-defendant Jariwala & Co., LLC d/b/a J & Co. Hotels Group,[8] and can be served at his last known address of 27 Nelson Ave., Jersey City, NJ 07307.

15) Defendant Greg is an individual residing in this District, is the Director of Finance of co-defendant Jariwala & Co., LLC d/b/a J & Co. Hotels Group,[9] and can be served at his last known address of 1600 Matso Drive Toms River, NJ 08753.

16) Defendant Rex is an individual residing in this District, is the Director of Operations of co-defendant Jariwala & Co., LLC, d/b/a J & Co. Hotels Group,[10] and can be served at his last known address of 1600 Matso Drive Toms River, NJ 08753.

1) Defendant Ram is an individual residing in this District, is the Asset Manager of co-defendant Jariwala & Co., LLC, d/b/a J & Co. Hotels Group's "Pennsylvania/Virginia" properties,[11] and can be served at his last known address of 150 Carlton Ave. Apt. 2F, Jersey City, NJ 07306.

2) Defendant Haddad is an individual residing in this District, the Regional Manager of co-defendant Jariwala & Co., LLC, d/b/a J & Co. Hotels

---

[8] *See* https://web.archive.org/web/20180828134225/http:/jariwala.co/TeamMembers.html
[9] *Id*.
[10] *Id*.
[11] *Id*.

Group's "Jersey Shore" properties,[12] and can be served at his last known address of 413 E. 51st St., New York, NY 10022.[13]

3) At all relevant times, Defendants were individual and joint "employers" within the meaning of the FLSA.

4) At all relevant times, Defendants individually and jointly were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1).

5) At all relevant times, Plaintiff and those similarly-situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

6) Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as **Exhibit A**.

## FACTUAL ALLEGATIONS

7) Through a complicated web of corporate entanglement, Defendants function as a single business and enterprise, jointly owning and operating numerous hotels and/or rental properties in New Jersey, Pennsylvania, and Virginia,[14] including, but possibly not limited to:

---

[12] *Id.*
[13] Defendants Raj, Greg, Rex, Ram and Haddad will collectively be referred to as "Individual Defendants."
[14] *See e.g.*, https://web.archive.org/web/20180808162323/http:/jariwala.co/

    a. Boardwalk Seaport Hotel, Days Inn, Econo Lodge, and Motel 6, in Seaside Heights, New Jersey;

    b. Various rentals identified as Beach House Rentals HC-55 Hause, HC-121 Haus, and 127 Carteret Haus (Jersey Shore), in Seaside Heights, New Jersey;

    c. Days Inn, in Lancaster, Pennsylvania;

    d. Days Inn, in Lebanon, Pennsylvania;

    e. Hampton Inn, in Manheim, Pennsylvania;

    f. Ramada Hotel of Philadelphia in Levittown, Pennsylvania; and

    g. Holiday Inn Express in South Boston, Virginia.

8) Plaintiff was jointly employed by Defendants as a non-exempt hourly employee at various New Jersey locations, including Econo Lodge and Days Inn, for approximately the last seven (7) or more months.

9) Plaintiff's hourly rate ranged from $10 to $12 per hour.

10) The hourly rate of those similarly situated was approximately $10.

11) Others similarly-situated to Plaintiff were also jointly employed by Defendants as non-exempt hourly employees at the various New Jersey, Pennsylvania, and Virginia locations.

12) Plaintiff and those similarly-situated primarily performed non-exempt work.

13) At all relevant times, Individual Defendants, as co-owners, directors, and managers have had operational control over significant aspects of the day-to-

day functions of Corporate Defendants, including the day-to-day functions of Plaintiff and those similarly-situated.

14) At all relevant times, Individual Defendants have had the authority to hire, fire and discipline employees, including Plaintiff and those similarly-situated.

15) At all relevant times, Individual Defendants have had the authority to set rates and methods of compensation of Plaintiff and those similarly-situated.

16) At all relevant times, Individual Defendants have had the authority to control the work schedules and employment conditions of Plaintiff and those similarly-situated.

17) At all relevant times, Individual Defendants have had ultimate authority and control of employment records.

18) At all relevant times, Individual and Corporate Defendants have mutually benefitted from the work performed by Plaintiff and those similarly-situated.

19) At all relevant times, Individual and Corporate Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff and those similarly-situated.

20) At all relevant times, Individual and Corporate Defendants shared the services of Plaintiff and those similarly-situated.

21) At all relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and those similarly-situated.

22) Plaintiff and those similarly-situated routinely worked more than 40 hours in a workweek, often working 60 or more hours, and sometimes more than 100 hours in a workweek.

23) Though Plaintiff and other similarly-situated employees routinely worked more than 40 hours in a workweek, they were not paid by Defendants at least one and one-half their regular rates for hours worked in excess of 40.

24) Defendants paid Plaintiff and those similarly situated with separate checks, often with different payor companies identified, even when work was performed within the same week and/or for those hours that exceeded 40 in a workweek. For example, checks were issued to Plaintiff and those similarly situated by Defendants G Matss, RHR, Boardwalk, CZG, and Cgabheraj.

25) Plaintiff and those similarly-situated were not exempt from the protections of the FLSA.

26) Defendants were not exempt for the overtime requirements of the FLSA.

27) By not compensating Plaintiff and those similarly-situated for all hours worked in excess of 40 in a workweek at a rate of not less than one and one-half times their regular rates, Defendants individually and jointly violated the FLSA.

28) Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA. For example, nearly identical Defendants here were sued and settled a lawsuit in the Eastern District of Pennsylvania for similar practices herein described, yet Defendants failed to correct their unlawful pay practices.[15]

29) To the extent that Defendants failed to make, keep, and preserve records of all hours work performed by Plaintiff and other similarly-situated employees, Plaintiff and other similarly-situated employees are entitled to a reasonable estimate of such time.

## COLLECTIVE ACTION ALLEGATIONS

30) Plaintiff brings this action on her own behalf and on behalf of other similarly-situated employees, pursuant to 29 U.S.C. § 216(b), who have been, are being, or will be, adversely affected by Defendants' unlawful conduct.

31) The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All former and current non-salaried employees employed at Defendants' New Jersey, Pennsylvania, and Virginia locations who worked more than 40 hours in any workweek within three years preceding the date of filing of this Complaint to the present (the "FLSA Class").**

---

[15] See *Kashow v. HR Penn, LLC et al.*, Case No. 2:17-cv-04854, .USDC ED PA (Philadelphia) (Magistrate Judge David R. Strawbridge.

32) This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly-situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

33) The similarly-situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (Overtime Violations – FLSA Class)

34) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

35) The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

36) Plaintiff and others similarly-situated regularly worked more than 40 hours in a workweek.

37) Defendants individually and jointly violated the FLSA by having a company-wide policy of not paying Plaintiff and those similarly-situated overtime compensation at a rate of not less than one and one-half times their regular rates for hours worked in excess of 40 in a workweek.

38) By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the FLSA.

39) As a result of Defendants' practices and policies, Plaintiff and the FLSA Class members have been damaged in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, and all similarly-situated employees, collectively pray that this Honorable Court:

- A. Certifying this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) for the FLSA Class; and directing that Court-approved notice be issued to similarly-situated employees informing them of this action and enabling them to opt-in;[16]

- B. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S. C. § 216(b);

- C. Award Plaintiff and the class she represents actual damages for unpaid wages;

- D. Award Plaintiff and the class she represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

---

[16] Conditional Certification was granted on September 24, 2019 (ECF No. 53).

E.     Award Plaintiff and the class she represents pre-judgment and post-judgment interest at the statutory rate;

F.     Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements;

G.     Award Plaintiff an additional Service Award, to be determined at trial; and

H.     Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

*s/ Ravi Sattiraju*
Ravi Sattiraju (Bar # 035251998)
**SATTIRAJU & THARNEY, LLP**
50 Millstone Road
Building 300, Suite 202
East Windsor, New Jersey 08520
Telephone: (609) 469-2110
Facsimile: (609) 228-5649
Email: rsattiraju@s-tlawfirm.com

Robi J. Baishnab
(Ohio Bar # 0086195)*
**NILGES DRAHER, LLC**
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone: (614) 824-5770
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges
(Ohio Bar # 0076017)*
Shannon M. Draher
(Ohio Bar # 0074304)*
**NILGES DRAHER, LLC**
7266 Portage Street, N.W., Suite D

       Massillon, OH 44646
       Telephone: (330) 470-4428
       Facsimile: (330) 754-1430
       Email:  hans@ohlaborlaw.com
           sdraher@ohlaborlaw.com

*Attorney for Plaintiff, Individually and on behalf of all others similarly-situated*

*\* admitted pro hac vice*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

       *s/ Ravi Sattiraju*
       Ravi Sattiraju
       (Bar # 035251998)

## **CERTIFICATION OF SERVICE**

I hereby certify that the foregoing was filed electronically with this Court on November 26, 2019. This document may be accessed via the Court's electronic filing system. I certify that the forgoing is also being served on all Defendants through Counsel, who has confirmed representation of all Defendants.

*s/   Ravi Sattiraju*
Ravi Sattiraju
(Bar # 035251998)

*Counsel for Plaintiffs*